UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
DIMARE RUSKIN, INC.           :    Civ. No. 3:15CV00289(AWT)
                              :
v.                            :
                              :
M & M PRODUCE INC. ET AL.     :    March 15, 2016
                              :
------------------------------x
```

### ORDER ON PENDING DISCOVERY MOTIONS

Pending before the Court is the motion of defendant Patrick J. Milio (hereinafter "Milio") for entry of default against fifteen parties for failing to provide sworn answers to interrogatories he propounded on November 16, 2015 [Doc. #199] (hereinafter the "Motion for Default").[1] Milio has filed four partial motions to withdraw the Motion for Default. [Doc. ##209, 213, 229, 285]. Responses to Milio's Motion for Default were due on or before March 9, 2016. No such responses have been filed.

The Court hereby **GRANTS** the partial motions to withdraw [**Doc. ## 209, 213, 229, 285**], and withdraws the Motion for Default as to: Arrow Farms, Inc.; Capitol Sausage and Provisions, Inc.; Community-Suffolk, Inc.; Dean Tucker Farms Produce, Inc.; Forlizzi & Bimber, Inc.; Heart of the Harvest, Inc.; J. Bonafede Co., Inc.; John Cerasuolo Co., Inc.; John

---

[1] Although captioned as a motion for default, the motion was docketed as a motion to compel. See Doc. #199.

1

Molinelli, Inc.; Peter Condakes Company, Inc.; S. Strock & Co., Inc.; and Spring Creek Produce, LLC.

With respect to the Motion for Default [Doc. #199], the Court construes this as a Motion to Compel, and no response in opposition having been filed by the remaining parties named in this motion (Coosemans Boston, Inc. ("Coosemans"), Grant Stanton Produce Co., Inc. ("Grant"), and PacificPro Inc. ("PacificPro")), the Court **GRANTS** the motion, **in part**. [**Doc. #199**]. Parties **Coosemans, Grant and PacificPro** shall each provide sworn responses to Milio's November 16, 2015, interrogatories **on or before March 31, 2016**.

The Court declines to enter a default against Coosemans, Grant and PacificPro at this time. Milio fails to cite any authority in support of this request, and there is no evidence of prejudice. Further, Rule 37 permits such a sanction only after the disobedient party has failed to obey a discovery order. See Fed. R. Civ. P. 37(b)(2)(A)(vi) ("If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders. They may include ... rendering a default judgment against the disobedient party[.]"). No such discovery order has entered with respect to the interrogatories at issue.

Nevertheless, in the event that Coosemans, Grant and PacificPro fail to comply with this Order, the Court will not

2

hesitate to impose sanctions if appropriate, including, without limitation, the dismissal of a parties' claims and/or the entry of an order awarding attorney's fees incurred in bringing of the Motion for Default. See Fed. R. Civ. P. 37(b)(2)(A)(v); 37(b)(2)(C). On or before the close of business on April 4, 2016, Milio shall file a status report with the Court indicating whether Coosemans, Grant and PacificPro have complied with this Order, so that the Court may determine whether sanctions are warranted.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 15th day of March 2016.

                                                /s/
                                  HON. SARAH A. L. MERRIAM
                                  UNITED STATES MAGISTRATE JUDGE